This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39268

**IN THE MATTER OF THE ESTATE OF
CHARLES L. GANTT, Deceased.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Clay Campbell, District Judge**

Roepke Law Firm, LLC
Karl H. Roepke
Albuquerque, NM

for Appellee

Bischoff & Bischoff Law, P.A.
Michael P. Bischoff
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

{1}     Appellant Christopher Gantt appeals from a district court default judgment voiding Decedent's will and having the effect of determining that Decedent died intestate. We issued a calendar notice proposing to affirm. Appellant has filed a memorandum in opposition, and Appellee has filed a memorandum in support. We affirm.

**Issues A & B**

{2}     Appellant continues to claim that the district court failed to comply with statutorily mandated procedural and substantive provisions prior to entering the order invalidating the will based on lack of capacity. [DS 15] Appellant's memorandum continues to overlook the procedural posture of this case.

{3}     The case began in informal probate, with a personal representative appointed pursuant to the provisions of Decedent's purported will. [RP 3, 17] Decedent's wife (Sue

Gantt) filed a district court petition to void the will based on lack of capacity. [RP 23] Decedent's son Christopher (Appellant) and the personal representative were each served with the petition, but neither one filed a response. [RP 30] The district court then issued an order of default judgment granting Sue Gantt's petition. [RP 96] Appellant filed a pro se motion to set aside the default judgment, which the district court denied. [RP 111, 158]

{4} Appellant contends that we should not view this as an appeal from a default judgment, but instead an appeal from the merits of the order voiding the will and trust. [MIO 2] However, because Appellant is appealing from a default judgment, the dispositive issue is whether the district court properly denied the request to reopen the matter, and not whether the normal statutory procedures for invalidating the will were followed in a dispute on the merits. To the extent that Appellant is arguing that we should view this as appeal from an order of default, as opposed to a default judgment, we disagree. [MIO 2] Under Rule 1-055 NMRA, if a default has only been entered by the court clerk pursuant to Rule 1-055(A), the default may be reopened "[f]or good cause shown." *See* Rule 1-055(C). However, once a default has been signed by a judge and filed, a final judgment has been entered and the standard for reopening the judgment is that supplied by Rule 1-060 NMRA. *See* Rule 1-055(C) ("[I]f a judgment by default has been entered, [the court] may likewise set it aside in accordance with Rule 1-060."); *see also DeFillippo v. Neil*, 2002-NMCA-085, ¶¶ 15-22, 132 N.M. 529, 51 P.3d 1183 (explaining that an entry of default by the clerk is procedurally distinct from an entry of a judgment by default and that a judgment by default is a final judgment that may only be opened pursuant to the standards established in Rule 1-060(B)).

{5} In order to set aside default, Appellant had to show that he satisfied one of the grounds set forth in Rule 1-060(B). Appellant's motion to set aside default focused exclusively on the personal representative's failure to respond to the petition to revoke the will. [RP 111] However, Appellant placed no factual support in the record to establish excusable neglect or one of the other grounds listed in Rule 1-060(B). We also note that Appellant had also been served and had not responded. [RP 30]; To the extent that Appellant believes that the personal representative should have responded to the petition because there was an adequate defense of the lack of capacity claim, his potential avenue for relief was to pursue a breach of fiduciary duty claim against the personal representative. *See* NMSA1978, § 45-3-712 (2016) ("If the exercise of power concerning the estate is improper, the personal representative is liable to interested persons for damage or loss resulting from breach of the personal representative's fiduciary duty to the same extent as a trustee of an express trust.").

**Issue C**

{6} Defendant has withdrawn this issue. [MIO 3]

{7} For the reasons set forth above, we affirm.

{8} **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**